# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-1043** (Mingo County 12-F-52)

**Brittany Scott,**
**Defendant Below, Petitioner**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Kathryn Cisco-Sturgell, arises from the Circuit Court of Mingo County's sentencing order entered on July 19, 2012. The State of West Virginia, by counsel Marland Turner, filed a summary response. On appeal, petitioner alleges that there was insufficient evidence to support her conviction for child neglect resulting in death and that her due process rights were violated because the jury discussed the penalty phase during deliberations.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the morning hours of March 18, 2011, petitioner fed her six-month-old infant, changed him, and then placed him back in his "pack-and-play" crib to sleep. Petitioner proceeded downstairs to sleep with her other two children. Shortly after petitioner fell asleep, she awoke and went upstairs to give the infant his pacifier. Again, petitioner proceeded downstairs where she fell asleep for several hours until she was awakened by her oldest child sometime between 10:00 a.m. and noon. Petitioner fell asleep again until approximately 2:00 p.m. After waking up, petitioner used the bathroom and then proceeded to the infant's room where she found him inside a plastic bag, unresponsive, and still in his "pack-and-play" crib. Petitioner immediately took the infant to her neighbor who called 911 and began to perform CPR. The infant was transported to the hospital and later pronounced dead. The medical examiner determined the cause of death to be asphyxia due to suffocation.

In April of 2012, petitioner was indicted on one count of child neglect causing death, in violation of West Virginia Code § 61-8D-4a. During deliberations, the jury asked the circuit court: "[I]f we, the jury, make a decision of guilty as charged we ask that you could add mercy." Without objection, the circuit court explained to the jury that they were to decide guilt or innocence and were not to bring up or discuss punishment. At the conclusion of trial, petitioner

1

was convicted of child neglect causing death. Petitioner was sentenced to a term of incarceration of three to fifteen years.

On appeal, petitioner asserts two assignments of error. Petitioner first argues that there was insufficient evidence to convict her and that the State failed to prove every element of child neglect resulting in death. Petitioner states that she acted reasonably and exercised the requisite degree of care to assure the infant's safety or health. In support of her argument, petitioner states that she supervised her children, fed and bathed the children, and provided for the children to the best of her ability.

We have held as follows:

"'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

"'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. [] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *Stone*.

In the present case, this Court finds that petitioner has not met her heavy burden in proving that the evidence was insufficient to sustain her conviction. West Virginia Code § 61-8D-4a states that a parent is guilty of child neglect causing death when he or she "neglect[s] a child under his or her care, custody or control and by such neglect cause[s] the death . . . ." Additionally, West Virginia Code § 61-8D-1(6) defines neglect to mean, "the unreasonable failure by a parent, guardian, or any person voluntarily accepting a supervisory role towards a minor child to exercise a minimum degree of care to assure said minor child's physical safety or

health." Corporal Norman Mines of the Mingo County Sheriff's Department testified that the residence was in disarray with trash on the floor. He further testified that investigators found multiple plastic bags in the infant's room, a coat hanger in the infant's crib, and that the infant's sheets were very dirty. Petitioner's own testimony supports that she intentionally slept off and on until approximately 2:00 p.m. During this time petitioner was aware that her oldest child was roaming around the house unsupervised. Petitioner's testimony further supports that she failed to properly monitor the infant from approximately 9:00 a.m. until 2:00 p.m., when she discovered the infant unresponsive almost entirely inside a plastic bag, still in his "pack-and-play" crib. Petitioner left her children unsupervised for several hours and created a dangerous and unsafe environment. The evidence is sufficient to support petitioner's conviction for child neglect causing death for failing to exercise a minimum degree of care to assure the infant's safety or health.

Petitioner next argues that her due process rights were violated because the jury discussed the penalty during deliberations. Specifically, petitioner suggests that because the jury discussed the penalty phase and tried to recommend mercy that the jury was confused as to the meaning of "beyond a reasonable doubt" and the State failed to prove its case. Upon our review, we conclude that petitioner failed to preserve this issue for appeal. The record clearly reflects that petitioner did not object to the circuit court re-reading the relevant instruction and informing the jury to not bring up or to discuss punishment. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Because petitioner failed to raise this issue below, the Court declines to address the same here.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

3

No. 12-1043 – *State of West Virginia v. Brittany Scott*

Ketchum, Justice, dissenting:

There was no evidence that the defendant mother failed to exercise a minimum degree of care for her child's safety. There was no evidence that the mother's conduct caused or contributed to her child's death. The prosecution only proved a terrible unforeseen death.

I dissent.